IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| AMERIFACTORS FINANCIAL GROUP, | |
| Plaintiff, | |
| v. | NO. 1:22-CV-00137-MJT |
| GULF COPPER & MANUFACTURING CORPORATION, | |
| Defendant. | |

## REPORT AND RECOMMENDATION GRANTING AMENDED MOTION FOR DEFAULT JUDGMENT

This case is assigned to the Honorable Michael J. Truncale, United States District Judge.  On May 30, 2023, Judge Truncale referred Counter Claimant and Third-Party Plaintiff Gulf Copper & Manufacturing Corporation's ("Gulf Copper") *Amended Motion for Entry of Final Default Judgment* (Doc. No. 40).  Doc. No. 44.  Gulf Copper requests the entry of a default judgment against Third-Party Defendant Cova Ship Repair, Incorporated ("Cova") in the amount of $257,022.07.  After conducting a hearing to determine the proper amount of damages, the undersigned recommends granting the amended motion.

## I.    BACKGROUND

Gulf Copper and Cova entered into a contract for Cova to perform various repairs and renovations aboard the USNS COMFORT.  Doc. No. 40 at 3–4.  Cova charged Gulf Copper $107,046.00 for the ship repair services.  *Id.* at 7.  Cova subsequently sold its invoices to Plaintiff AmeriFactors Financial Group ("AmeriFactors"), which filed this action to collect payment from Gulf Copper.  *Id.*; *see also* Doc. No. 1.  Shortly after answering this suit, Gulf Copper filed a third-party complaint against Cova for breach of contract.  Doc. No. 6.  In summary, Gulf Copper

alleges that Cova failed to properly perform the repair and renovation work aboard the USNS COMFORT and also failed to pay its subcontractors. *See generally id.* As a result, Gulf Copper states that it incurred costs in making the proper repairs and was forced to pay the subcontractors in the total amount of $257,022.07. Doc. No. 40 at 11.

Gulf Copper presently moves for a default judgment, asserting that Cova failed to file a responsive pleading or otherwise defend this lawsuit after it properly served Cova with a summons and complaint. *Id.* In support, Gulf Copper claims it served the third-party complaint and summons personally on Andrew Smith Jr., the President of Cova, on May 19, 2022. Doc. No. 15. Cova wholly failed to plead or otherwise defend against the third-party complaint. Consequently, the Clerk entered default against Cova. Doc. No. 17.

## II.    DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure sets forth a procedure by which litigants may seek entry of a default judgment. *See* FED. R. CIV. P. 55. The Fifth Circuit employs a three-step analysis for determining when entry of a default judgment is appropriate. *Lester v. Lester*, No. 3-06-CV-1357-O, 2008 WL 5110842, at *2 (N.D. Tex. Dec. 4, 2008) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). First, a default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141; *Lester*, 2008 WL 5110842, at *2. Second, when the default is established by affidavit or otherwise, an entry of default is entered by the clerk. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141*; Lester*, 2008 WL 5110842, at *2. Third, after the default is entered, a plaintiff may apply for a default judgment. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141*; Lester*, 2008 WL

2

5110842, at *2.

Cova failed to plead or otherwise respond within the time required by Rule 12, which provides that a defendant's answer must be filed within twenty-one (21) days after being served with the summons and complaint.  FED. R. CIV. P. 12(a)(1)(A)(i).  Because Cova was served on May 19th, 2022, its answer was due on June 9, 2022.  *Id.*  To date, Cova has not filed any responsive pleadings or otherwise appeared in this action.  Accordingly, the Clerk properly entered default on August 19, 2022.  Doc. No. 17.

Entry of a default judgment is completely within the court's discretion.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  Entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint.  *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).  Prevailing law of the Fifth Circuit sets forth factors for courts to consider when determining whether to enter default judgment:

> Relevant factors include [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893 (citation omitted).

A.  Factor One:  Issues of Material Fact

In the present case, the facts asserted in the third-party complaint are well-pled, and there are no unresolved issues of material fact.   By failing to answer the complaint, Cova admits the well-pleaded factual allegations and "[is] barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside

from those relating to damages. *See Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default."). On this basis, the court may lawfully enter a default judgment. *See Thomas v. Wooster*, 114 U.S. 104, 113 (1885) (default judgment may be lawfully entered "according to what is proper to be decreed upon the statements of the bill, assumed to be true").

B.  <u>Factors Two & Five:  Substantial Prejudice or Harshness of Default Judgment</u>

Cova will not suffer substantial prejudice by entry of a default judgment.  Cova has not filed an answer or otherwise defended this matter, nor has it indicated that it will appear or otherwise respond.  Taking the well-pled facts of the complaint as true, Gulf Copper has asserted a meritorious breach of contract action against Cova.  As discussed in the pleadings, Gulf Copper experienced significant economic loss and delays based upon Cova's substandard repair work and failure to pay its subcontractors.  Nothing in the record indicates a default judgment will substantially prejudice Cova.  Over one year has elapsed since the lawsuit was served on Cova's president.  Cova's dilatoriness and noncompliance establishes that any substantial prejudice or harshness in entering default is clearly outweighed by the prejudice to Gulf Copper if the court fails to enter judgment in its favor.

C.  <u>Factor Three:  Grounds for Default Clearly Established</u>

The Clerk entered a default against Cova, and Gulf Copper filed a motion for default judgment.  The undersigned convened a hearing on the motion to address the considerations suggested by Rule 55, and Cova failed to appear at the hearing.  *See* July 20, 2023 Min. Entry.

Thus, the requirements of Rule 55 are satisfied, and the court may consider default judgment.

      D.  <u>Factors Four & Six:  Excusable Neglect, Good Faith Mistake, and Setting Aside Default</u>

The record is devoid of any excusable neglect or good faith mistake on behalf of Cova.  In any event, Cova will still have the ability to show excusable neglect or good faith mistake to set the default judgment aside.  *See* FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).").  Finally, the court finds no reason to believe that it would be obligated to set aside default judgment in this case, as the facts set forth in the complaint are supported by Gulf Copper's admitted exhibits.  Doc. No. 46.

### III.  <u>Damages</u>

Having found that the motion for default judgment should be granted and judgment entered in favor of Gulf Copper, the undersigned must now determine the appropriate amount of damages.  In its third-party complaint, Gulf Copper seeks monetary damages for shoddy repair work and having to pay Cova's subcontractors because it failed to do so.  On July 20, 2023, the undersigned conducted a hearing on the motion to consider damages.  Gulf Copper admitted two exhibits that itemize its damages in great detail.  Doc. No. 46.  In summary, Gulf Copper asks for a judgment in the amount of $257,022.07, which represents the cost of repairing Cova's faulty work and paying off Cova's subcontractors.  The undersigned finds the underlying documents and factual information to properly support the amount requested.

### IV. <u>Conclusion</u>

Gulf Copper has met all procedural and substantive requirements for obtaining a default judgment.  Moreover, the substantive relief requested is appropriate.  Accordingly, Gulf Copper is

entitled to a final default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

## V.  Recommendations

(1)     For these reasons, the court should grant Defendant Gulf Copper & Manufacturing

Corporation's *Amended Motion for Entry of Final Default Judgment* (Doc. No. 40).

(2)     The court should render a default judgment in favor of Gulf Copper for

$257,022.07.

## VI.  Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to

this report and recommendation.  Objections to this report must (1) be in writing, (2) specifically

identify those findings or recommendations to which the party objects, and (3) be served and filed

within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. §

636(b)(1)(c); Fed. R. Civ. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo*

determination by the United States District Judge of those proposed findings and recommendations

to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P.

72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and

conclusions of law contained in this report, within fourteen (14) days of being served with a copy

of this report, bars that party from: (1) entitlement to de novo review by the United States District

Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77

(5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of

fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 3rd day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge